*549 The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the money judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the money judgment (see CPLR 5501 [a] [1]).
Contrary to the Supreme Court’s determination that a plenary action was necessary to enforce the parties’ stipulation of settlement incorporated but not merged into the judgment of divorce, the plaintiffs postjudgment motion was a proper vehicle to ascertain the defendant’s child support arrears, if any, that have accrued under that judgment of divorce (see Domestic Relations Law § 244). We also disagree with the Supreme Court’s conclusion that an order determining the defendant’s arrears as of January 11, 1999, modified the child support provisions of the parties’ stipulation of settlement incorporated into the judgment of divorce, or set a new recurring amount of child support that the defendant was required to pay going forward.
Further, it was error to simply award the plaintiff arrears based upon the records of the Nassau County Support Collection Unit submitted in support of the plaintiffs motion. Rather, the Supreme Court should have determined the defendant’s child support obligation for the relevant years by applying the child support formula provided in the parties’ stipulation of settlement, which in this case required the court to first determine the defendant’s income during the relevant time period, and then apply the percentage-based formula from the stipulation of settlement. On remittitur, the Supreme Court should determine the dates that the parties’ three children were emancipated and abate the child support obligation proportionately as the parties provided for in the stipulation of settlement. After comparing the defendant’s child support obligation for the years in question to the actual amounts of child support paid, the Supreme Court should then enter a judgment in favor of *550 the plaintiff and against the defendant for arrears, if any are shown to exist.
In light of the foregoing, we also remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff’s motion which was for an award of counsel fees (see Domestic Relations Law § 237).
The parties’ remaining contentions are academic in light of our determination. Skelos, J.E, Dillon, Leventhal and Sgroi, JJ., concur.